**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-62387-BLOOM/Valle**

ICOOL, USA, INC.,

      Plaintiff,

v.

MBRB SALES, LLC, WILLIAM
SANDS, and BYS WHOLESALERS, LLC,

      Defendants.

_____/

## <u>ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT</u>

**THIS CAUSE** is before the Court upon Plaintiff ICool, USA, Inc.'s ("ICool") Motion for Default Final Judgment, ECF No. [87] ("Motion"), filed pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants BYS Wholesalers, LLC ("BYS") and William Sands ("Sands"). A Clerk's Default was entered against Defendants BYS and Sands on February 25, 2019, ECF No. [54], and March 4, 2019, ECF No. [56], respectively, after they failed to answer or otherwise plead to the amended complaint, despite having been properly served. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, ICool's Motion is granted.

## I.     BACKGROUND

ICool initiated this action on October 5, 2018, and filed the First Amended Complaint, ECF No. [30] ("Amended Complaint"), on January 18, 2019, alleging claims against BYS and Sands for breach of implied-in-law contract/unjust enrichment (Counts 3 and 4), goods sold and delivered

(Counts 6 and 7), and fraud (Counts 8 and 9).[1] The Amended Complaint alleges that Sands placed four orders for R410A refrigerant gas from ICool during September 2017 in the total amount of $306,880.00, and that the cylinders were delivered to BYS's warehouse in Port St. Lucie, Florida, in September and October 2017. *Id.* ¶¶ 17-20. Neither Sands nor BYS paid for these shipments. *Id.* ¶¶ 22, 30. Furthermore, to induce ICool to sell the cylinders on a line of credit, Sands represented to ICool that he was an agent of MBRB and provided MBRB's business documents to ICool for the purpose of opening an account on which he could purchase goods on credit. *Id.* ¶¶ 11-15). As ICool later learned, Sands was not and has never been authorized to act on behalf of MBRB. *See* ECF No. [87-2] at 75:7-77:1; ECF No. [87-3] at 63:23-65:1. ICool has been damaged by Sands and BYS's conduct in the amount of $306,880.00, which represents the amount owed for the four orders placed by Sands. ECF No. [30] ¶¶ 21, 31; ECF No. [87-1] ¶ 12.

In its Motion, ICool seeks the entry of final default judgment against BYS and Sands on its claims against them for breach of implied-in-law contract/unjust enrichment, goods sold and delivered, and fraud.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v.*

---

[1] ICool recently dismissed its claims against Defendant MBRB Sales, LLC with prejudice, which was approved by this Court; therefore, ICool's claims against MBRB are no longer at issue. *See* ECF No. [83].

*Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for

the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III.    DISCUSSION

### i.    Breach of Implied-in-Law Contract/Unjust Enrichment (Counts 3 & 4)

ICool's Amended Complaint sufficiently alleges facts which demonstrate claims for breach of implied-in-law contract/unjust enrichment against BYS and Sands. To state a claim for unjust enrichment under Florida law, a party must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)).

Here, ICool alleged that Sands ordered cylinders containing refrigerant gas that were delivered to BYS's warehouse in Port St. Lucie, Florida. Sands signed for each of the four deliveries indicating that the cylinders had been delivered into his possession at BYS's warehouse. ECF No. [30] ¶¶ 20, 51, 60. Thus, ICool conferred a benefit on Sands and BYS—the cylinders— and Sands and BYS voluntarily, and with knowledge, accepted and retained the cylinders. Moreover, the circumstances are such that it would be inequitable for Sands and BYS to retain the cylinders without paying the value thereof. *See, e.g.*, *Am. Contractors Indem. Co. v. Brown & Luke Contracting, Inc.*, No. 3:06-CV-356-J-MCR, 2007 WL 2826230, at *2 (M.D. Fla. Sept. 25, 2007) (concluding that it would be inequitable to allow a defendant to retain payment beyond that which it was rightfully owed and granting default judgment).

In addition, because Sands committed fraud in placing the orders with ICool, as explained in detail below, Sands can be held individually liable for unjust enrichment along with BYS. *See, e.g.*, *Munder v. Circle One Condo., Inc.*, 596 So. 2d 144, 145 (Fla. 4th DCA 1992); *Avila S. Condo. Ass'n v. Kappa Corp.*, 347 So. 2d 599 (Fla. 1977); *see also Segal v. Rhumbline Int'l, Inc.*, 688 So. 2d 397, 399 (Fla. 4th DCA 1997) (finding that director of defendant corporation may be individually liable because complaint alleged that he had orchestrated the false representations made to the plaintiffs and had also allowed his name to be associated with the representations made); *Brinker v. W.P. McDevitt & Assocs., Inc.*, 693 So. 2d 712, 712 (Fla. 4th DCA 1997) (reversing dismissal of fraud in the inducement claims where the plaintiff alleged that two individual defendants fraudulently induced him to enter into an employment contract with their insurance agency for the purpose of bringing his "book of business" into the agency and that defendants never intended to let him retain ownership of the "book" or pay him its value if his employment should be terminated); *Nicholson v. Kellin*, 481 So. 2d 931, 935 (Fla. 5th DCA 1985) (finding that the individual director of a corporation could be held liable for fraud where he orchestrated the false representations made to the plaintiffs and had also allowed his name to be associated with the representations made); *Roth v. Nautical Eng'g Corp.*, 654 So. 2d 978, 979-80 (Fla. 4th DCA 1995) (finding corporate officer individually liable for fraud committed while acting as corporate representative.).

Based on these allegations, ICool has clearly satisfied the elements of a claim for breach of implied-in-law contract/unjust enrichment against BYS and Sands, and is entitled to default final judgment on these claims.

ii.     **Goods Sold and Delivered (Counts 6 and 7)**

Likewise, ICool has sufficiently alleged claims for goods sold and delivered. The elements of a claim for goods sold and delivered are: (1) proof of a sales contract between the creditor and debtor, and (2) proof that the amount claimed by the creditor represents either (a) the agreed upon sales price, or (b) the reasonable value of the goods actually delivered. *See Alderman Interior Sys., Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So. 2d 22 (Fla. 2d DCA 1979). Proof of delivery and acceptance of the goods can create an inference of the existence of the sales contract. *Id.* In *Contractors Unlimited, Inc. v. Northracks Equipment Company Southeast*, 833 So. 2d 286, 287-88 (Fla. 5th DCA 2002), the court concluded that "an itemized copy reflecting unpaid invoices [is] sufficient to support the cause of action for open account."[2] *Id.*

Here, ICool alleged that it sold and delivered cylinders containing refrigerant gas to BYS and Sands. ECF No. [30] ¶¶ 73, 79. Neither BYS nor Sands paid for the cylinders. *Id.* ¶¶ 75, 81. Consequently, BYS and Sands owe ICool $306,880.00, which represents the agreed upon sales price and reasonable value of the cylinders. *Id.* ¶¶ 76-77, 82-83. Additionally, the documents attached to the amended complaint—the purchase orders, ECF No. [30-3], and invoices, ECF No. [30-4]—further support the facts alleged in ICool's claims against BYS and Sands for goods sold and delivered (Counts 6 and 7) as they show when the goods were ordered, the amount and cost of the goods ordered and delivered, and where the orders were delivered, among other things. *See, e.g.*, *Law Offices of David J. Stern, P.A. v. Bank of Am. Corp.*, No. 11-21349-CIV, 2012 WL 112935, at *4 (S.D. Fla. Jan. 12, 2012) (concluding that documents showing a bill number, invoice date, foreclosure matter code, loan number, and client name, were sufficient to state a claim for goods sold and delivered).

---

[2]Under Florida law, a claim for open account is essentially the same as a claim for goods sold and delivered and the two claims have been treated identically. *See, e.g.*, *Alderman Interior Sys.*, 376 So. 2d at 24.

Because Sands committed fraud in placing the orders with ICool, as explained in detail below, Sands can be held individually liable for goods sold and delivered along with BYS. *See, e.g.*, *Munder*, 596 So. 2d at 145; *Avila S. Condo.*, 347 So. 2d 599; *Segal*, 688 So. 2d at 399; *Brinker*, 693 So. 2d at 712; *Nicholson*, 481 So. 2d at 935; *Roth.*, 654 So. 2d at 979-80.

Because ICool has sufficiently alleged a claim for goods sold and delivered against BYS and Sands (Counts 6 and 7), ICool is entitled to default final judgment on its claims for goods sold and delivered.

### iii. Fraud (Counts 8 and 9)

Finally, ICool has sufficiently alleged claims for fraud against BYS and Sands. The essential elements of fraud are: "'(1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff.'" *Wadlington v. Cont'l Med. Servs., Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005) (quoting *Cohen v. Kravit Estate Buyers, Inc.*, 843 So. 2d 989, 991 (Fla. 4th DCA 2003)).

ICool alleged that Sands, acting individually or on behalf of BYS, ECF No. [30] ¶¶ 18-20, 27, 96),[3] held himself out to ICool as an agent for MBRB by asking that ICool open an account on behalf of MBRB and by providing MBRB's business documents to ICool for the purpose of opening a line of credit on behalf of MBRB so that Sands could order goods from ICool. *Id.* ¶¶ 10-13, 85, 91. However, Sands has never been authorized to act on behalf of MBRB, which he knew

---

[3]Sands placed the orders and signed for the deliveries, and the deliveries were made to BYS's warehouse in Port St. Lucie, Florida. *Id.* ¶¶ 18-20). As a result of Sands' fraud, it is not entirely clear whether he was acting individually or on behalf of BYS. But because Sands can be held individually liable for fraud committed on behalf of BYS, and because the cylinders were delivered to BYS's warehouse, it is a distinction without a difference.

at the time he made the representations to ICool. *Id.* ¶¶ 86, 92; *see also* ECF No. [87-2] at 75:7-77:1; [87-3] at 63:23-65:1). Sands made these representations to ICool so that ICool would deliver goods to Sands without Sands having to pay for the goods before delivery. ICool reasonably and justifiably relied on these representations because it had no reason to doubt the truthfulness of Sands' representations that he was authorized to act on behalf of MBRB. ECF No. [30] ¶¶ 14, 16, 88, 94). ICool has been damaged because it delivered cylinders containing refrigerant gas to Sands and BYS totaling $306,880.00 for which it has not received payment. *Id.* ¶¶ 89, 95; ECF No. [87-1] ¶ 12).

Because Sands committed fraud against ICool he can be held jointly and severally liable with BYS for ICool's damages. Fraud, self-dealing, unjust enrichment, and betrayal of trust, may result in individual liability for a corporate officer. *See, e.g.*, *Munder*, 596 So. 2d at 145; *Avila S. Condo.*, 347 So. 2d 599; *Segal*, 688 So. 2d at 399; *Brinker*, 693 So. 2d at 712; *Nicholson*, 481 So. 2d at 935; *Roth*, 654 So. 2d at 979-80.

In the present case, ICool has sufficiently alleged claims of fraud (Counts 8 and 9) against BYS and Sands, and, therefore, ICool is entitled to default final judgment on these claims.

### iv.    Damages

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). As demonstrated by the purchase orders and invoices attached to the Amended Complaint, ECF Nos. [30-3], [30-4], and the affidavit of Richard Miller attached to the Motion as Exhibit A, ECF No. [87-1], ICool seeks a sum certain from BYS and Sands in the amount of $306,880.00, which

represents the total amount owed for the four shipments of cylinders containing refrigerant gas. ICool also requests pre- and post-judgment interest.

Because ICool seeks a sum certain that is verified by the documents attached to the Amended Complaint and the affidavit of Richard Miller attached to the Motion, ECF No. [87-1] ¶ 12), the Court finds that ICool is entitled to default final judgment on its claims in the amount of $306,880.00, plus pre-judgment interest running from November 16, 2017, and post-judgment interest, calculated below:

| Time Period | Statutory Rate Per Annum | Daily Rate | Number of Days | Total Amount |
|---|---|---|---|---|
| 10/1/17 to 12/31/17 | 5.35% | .0146575% | 51 | $2,294.03 |
| 1/1/18 to 3/31/18 | 5.53% | .0151507% | 89 | $4,138.01 |
| 4/1/18 to 6/30/18 | 5.72% | .0156712% | 90 | $4,328.26 |
| 7/1/18 to 9/30/18 | 5.97% | .0163562% | 91 | $4,567.65 |
| 10/1/18 to 12/31/18 | 6.09% | .0166849% | 91 | $4,659.44 |
| 1/1/19 to 3/31/19 | 6.33% | .0173425% | 90 | $4,789.86 |
| 4/1/19 to 6/30/19 | 6.57% | .0180000% | 91 | $5,026.69 |
| 7/1/19 to 9/30/19 | 6.77% | .0185479% | 92 | $5,236.62 |
| 10/1/19 to 12/4/19 | 6.89% | .0188767% | 65 | $3,765.37 |
| Total | | | | $34,477.67 |

In calculating the prejudgment interest, the Court applied the Florida statutory rate. *See* Fla. Stat. § 55.03; *see also* Current Judgment Interest Rates, available at https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm; *see also* Fla. Stat. § 55.03 (setting the statutory interest rates as those published by Florida's Chief Financial Officer).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.     The Motion, **ECF No. [87]**, is **GRANTED**.

2.     Pursuant to Federal Rule of Civil Procedure 58, the Court will enter a Final Default Judgment in favor of ICool USA, Inc. and against Defendants BYS Wholesalers, LLC and William Sands by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

William Sands
7440 Avenida Del Mar
Apartment 2506
Boca Raton, Florida 33433-4880

BYS Wholesaler, LLC
c/o William Sands, registered agent
9858 Glades Road #544
Boca Raton, Florida 33434

BYS Wholesalers, LLC
c/o William Sands, Registered Agent
515 NW Enterprise Drive, Suite B
Port St. Lucie, FL 34986