UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62387-BLOOM/Valle

ICOOL, USA, INC.,

    Plaintiff,

v.

MBRB SALES, LLC, WILLIAM
SANDS, and BYS WHOLESALERS, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR BILL OF COSTS

**THIS CAUSE** is before the Court upon Plaintiff ICool USA, Inc.'s ("ICool" or "Plaintiff") Bill of Costs, ECF No. [90], and Memorandum in Support of Bill of Costs, ECF No. [90-2] (together, "Bill of Costs"). The Court has reviewed the Bill of Costs, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Bill of Costs is granted.

ICool initiated this action on October 5, 2018, and filed the First Amended Complaint, ECF No. [30] ("Amended Complaint"), on January 18, 2019, alleging claims against Defendants MBRB Sales, LLC ("MBRB"), William Sands ("Sands"), and BYS Wholesalers, LLC ("BYS"). ICool dismissed its claims against MBRB, ECF No. [83], and then sought a default judgment against Sands and BYS. ECF No. [87]. The Court granted ICool's motion for a default judgment, ECF No. [88], following a Clerk's Default, ECF Nos. [54] and [56], entered as to each Defendant. The record reflects that neither Defendant filed an answer or otherwise plead to the Amended Complaint after being properly served. Thereafter, the Court entered a final default judgment in favor of ICool and against BYS and Sands. *See* ECF No. [89]. ICool now seeks to recover its costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party."

*Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

As the prevailing party, ICool seeks an award of $1,812.30 as taxable costs incurred in this case. *See* ECF No. [90]. Pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c). Specifically, ICool seeks reimbursement for deposition transcripts ($1,288.30)[1], filing fees ($400.00), and the cost of service of process ($124.00). In support of its request, ICool attaches the Declaration of Diana N. Evans, ECF No. [90-1], and associated payment records. Based upon a review of the materials submitted by ICool, the Court finds that the requested costs are reasonable and recoverable. *See Monelus*, 609 F. Supp. 2d at 1338 ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21 2007)); *Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C.A § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"). Accordingly, ICool is entitled to recover $1,812.30 in costs, including service of process fee ($124.00), filing fee ($400.00), and reimbursement for deposition transcripts ($1,288.30).

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

---

[1] ICool lists the $1,288.30 as "[f]ees and disbursements for printing" on the form bill of costs. *See* ECF No. [90] at 1. However, in the memorandum, ICool specifies that it is seeking that amount specifically for deposition transcripts and related costs, which is allowable pursuant to 28 U.S.C. § 1920(2).

1. ICool's Motion, **ECF No. [90]**, is **GRANTED**.

2. ICool is awarded **$1,812.30 in taxable costs**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record